BARTHOLOMAE *v.* STELLWAGEN.

Divorce—Action at Law—Payment of Money—Alimony—Attorney Fees.

   Action to recover money claimed to be due under decree of divorce *held,* within jurisdiction of circuit court at law in so far as based on final provision in decree for payment of money but action at law does not lie for payment of alimony or attorney fees provided for in such decree.

Appeal from Wayne; Campbell (Allan), J. Submitted July 14, 1936. (Calendar No. 39,086.) Decided December 8, 1936.

Action by Gladys Z. Bartholomae against Karl D. Stellwagen for sums provided for in a decree of divorce. Defendant reviews denial of motion to dismiss by appeal in the nature of mandamus. Writ denied.

*Colby, Berns & Costello (Willard H. Bracklow,* of counsel), for plaintiff.

*Juntunen & DeCoursey,* for defendant.

Toy, J. This is an action based on a decree entered in a divorce cause between the parties hereto. The plaintiff, whose name is now Bartholomae, seeks judgment for moneys claimed to be due under such decree.

Defendant moved to dismiss the declaration, alleging that the decree was not a money decree and therefore the circuit court (law) had no jurisdiction. The circuit court denied the motion, whereupon the

defendant was granted our leave to appeal, wherein he seeks our writ to compel the circuit court to grant his motion.

In *Stellwagen* v. *Stellwagen, ante,* 412, the decree involved was before us. We there held that the provision in the decree for the payment of $18,000 "was a money decree." This decree for such money was final. In *Toth* v. *Toth,* 242 Mich. 23 (56 A. L. R. 839), we held that:

"A judgment or decree for money that is final is a debt (17 C. J. p. 1372), and may form a basis of an action in garnishment."

See, also, *Belting* v. *Wayne Circuit Judge,* 245 Mich. 111.

We have been cited to no contrary authority. We hold, therefore, that the court had jurisdiction in this action based on a money decree.

As to those items in the decree which refer to alimony payments and attorney fees and which have been declared on in this suit, an action at law will not lie. *Stellwagen* v. *Stellwagen, supra; Belting* v. *Wayne Circuit Judge, supra; Toth* v. *Toth, supra;* and *Winter* v. *Winter,* 270 Mich. 707. On proper motion these items should be stricken from the declaration.

The writ is denied, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.