VAN HOUTEN v VAN HOUTEN

Docket No. 91825. Submitted January 21, 1987, at Lansing. Decided April 22, 1987.

Mary C. Van Houten was divorced from Wesley D. Van Houten in 1980 in Oakland Circuit Court, Hilda R. Gage, J. A provision of the divorce judgment captioned "Alimony in Gross" provided that defendant would pay plaintiff $211,000 at the rate of $666.67 per month for the first two years and at the rate of $1,250 per month for an additional thirteen years or until the $211,000 was paid. Plaintiff's right to receive those payments was unconditional for the first five years, but was thereafter terminable upon her remarriage. In 1985 defendant ceased making payments, informing plaintiff that he considered himself relieved of any further obligation under the divorce judgment because plaintiff was cohabiting with another man. Plaintiff filed an independent action in Oakland Circuit Court, seeking a money judgment for the balance remaining on the $211,000, as well as costs and attorney fees. Defendant answered plaintiff's complaint, citing plaintiff's cohabitation as his only defense. Plaintiff moved for summary disposition. The trial court, James S. Thorburn, J., granted the motion and awarded plaintiff the $10,000 defendant was then in arrears, $60 in costs, and $1,000 in attorney fees. Defendant appealed.

The Court of Appeals *held:*

1. The alimony award was nonmodifiable alimony in gross for the first five years following entry of the judgment, and thus plaintiff's right to seek enforcement at law in the present action was limited to any arrearage which occurred in those first five years. Since it is not clear what, if any, of the arrearage was from that period, remand to the trial court is necessary.

2. Any claims with respect to payments due after the initial

REFERENCES

Am Jur 2d, Divorce and Separation §§ 695, 699 *et seq.*; 749 *et seq.*

Divorced or separated spouse's living with member of opposite sex as affecting other spouse's obligation of alimony or support under separation agreement. 47 ALR4th 38.

See also the annotations in the Index to Annotations under Alimony; Delinquent or Overdue Payments.

five-year period must be presented to the judge who handled the original divorce action and is subject to any proper defense raised by defendant.

3. Even if attorney fees are awardable in an independent action to enforce a provision in a divorce judgment which grants alimony in gross, there were inadequate proofs to support the award of attorney fees.

Affirmed in part, reversed in part and remanded.

1. DIVORCE — ALIMONY — ENFORCEMENT OF JUDGMENTS.

   An award of alimony in gross is enforceable in an action at law; however, an award of periodic alimony is enforceable only by returning to the court which granted the divorce and petitioning to have an arrearage reduced to a money judgment.

2. DIVORCE — ALIMONY — PERIODIC PAYMENTS — CONTINGENCIES — ALIMONY IN GROSS — MODIFICATION OF ALIMONY AWARD.

   An alimony award which is denominated as alimony in gross and which states that the alimony shall be a fixed sum but which provides for periodic payments towards that fixed sum and allows for the termination of such periodic payments in the future upon the happening of some event is alimony in gross and not subject to modification only to the extent that it is payable irrespective of the possible happening of the contingent event.

*Carson, Fischer & Potts* (by *David W. Potts* and *Joseph J. Moritz, Jr.*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *William P. Hampton*), for defendant.

Before: M. J. KELLY, P.J., and SAWYER and M. R. KNOBLOCK,* JJ.

M. J. KELLY, P.J. Defendant appeals as of right from a judgment of $10,000 and an award of costs in the amount of $60 and attorney fees in the amount of $1,000. We modify the order of summary disposition, reverse the award of attorney fees and remand for further proceedings consistent with this opinion.

* Circuit judge, sitting on the Court of Appeals by assignment.

The parties were divorced on August 26, 1980, after a marriage of nineteen years. The judgment of divorce, entered by Judge Hilda R. Gage in Oakland Circuit Court, action No. 79-194547 DM, expressly bars the right of either party to receive "regular alimony." However, under a provision in the judgment of divorce captioned "Alimony In Gross," defendant was ordered to pay plaintiff the sum of $211,000 at the rate of $666.67 per month for a period of two years following judgment and at a rate of $1,250 per month for an additional thirteen years or until the total amount of $211,-000 was paid. Plaintiff's right to receive these payments was unconditional for the first five years but was thereafter terminable upon her remarriage. Death of either party was not addressed, though plaintiff was designated irrevocable beneficiary of a $125,000 life insurance policy "to secure the unpaid support as well as the alimony in gross provisions . . . ."

Apparently, defendant made his last payment in June of 1985. He claims five full years were paid, but we are unable to verify that on this record. He informed plaintiff that he considered himself relieved of any further obligation under the divorce judgment because plaintiff was cohabiting with another man. Plaintiff thereupon filed this independent action in Oakland Circuit Court, seeking entry of a money judgment for the balance remaining on the sum of $211,000, as well as costs and attorney fees. The case was assigned to Judge James S. Thorburn, action No. 85-301071 CK. Defendant answered plaintiff's complaint, citing her cohabitation as his only defense. Plaintiff then filed a motion for summary disposition under MCR 2.116(C)(9), which the trial court granted by order entered March 26, 1986. Plaintiff was awarded $10,000 as the amount owed by defendant in ar-

rears. By separate order entered the same day, the court awarded plaintiff costs and attorney fees.

Defendant argues on appeal that the trial court erred in refusing to conduct an evidentiary hearing in order to determine whether plaintiff's needs and circumstances had changed sufficiently to allow modification of the alimony award. However, the trial court in this case had no jurisdiction to entertain such a modification request, since jurisdiction rests solely with the judge who originally entertained this divorce action, Judge Hilda Gage. Unlike any of the cases cited by defendant in his brief on appeal, this is an independent action for a money judgment on a property settlement and not a petition to enforce in the original action.

If the award of alimony issued in the original divorce judgment represents alimony in gross, that award is enforceable by plaintiff in an action at law. *Corley v Corley,* 79 Mich App 499, 504; 261 NW2d 65 (1977), citing *Bartholomae v Stellwagen,* 277 Mich 618; 270 NW 159 (1936). To the extent, if any, the award of alimony entered in 1980 is periodic, plaintiff's only avenue of enforcement would be through the continuing jurisdiction of the court in the original divorce action. Generally, the moving party petitions to have any arrearage reduced to a money judgment, at which time the court ascertains whether the original award should be modified. *Id.;* see also *Landy v Landy,* 131 Mich App 519; 345 NW2d 720 (1984), and cases cited therein. Because the relief available to plaintiff in this action is determined by the nature of the alimony award she seeks to enforce, we must first determine whether the 1980 alimony award constitutes alimony in gross or periodic alimony.

In Michigan, an award of alimony which constitutes a sum certain and is payable either in one

lump sum or by periodic payments of a definite amount over a specific period of time is considered alimony in gross and is nonmodifiable. See *Couzens v Couzens,* 140 Mich App 423; 364 NW2d 340 (1985); *Oknaian v Oknaian,* 90 Mich App 28; 282 NW2d 230 (1979), and *Firnschild v Firnschild,* 67 Mich App 327; 240 NW2d 790 (1976). The situation presented in this case is nearly identical to that presented in *Oknaian, supra,* where the provision of alimony obligated plaintiff husband to pay defendant wife $500 per week for the first five years following entry of the divorce judgment "not . . . modifiable for remarriage, employment or any other cause," and $500 per month thereafter until remarriage or further order of the court. We held that the award of alimony constituted alimony in gross for the first five years following entry of the divorce judgment but, because of the remarriage provision, became modifiable periodic alimony thereafter. A similar holding is warranted in the instant case.

The 1980 award of alimony constitutes nonmodifiable alimony in gross for the first five years following entry of the divorce judgment and plaintiff may pursue an action at law to collect any arrearage as to that amount. Plaintiff may not, in this action, recover any arrearage in alimony payments due after the award became contingent on her marital status. Since defendant has no defense to plaintiff's right to recover the award of alimony in gross, we affirm the judgment in favor of plaintiff to that extent. We remand, however, for modification of the judgment, which must be limited to the amount of arrearage accumulated during the first five years after entry of the divorce judgment. We do not retain jurisdiction. Further claims must be presented to Judge Gage in the divorce action.

Defendant also challenges the award of $1,000 in

attorney fees. Although plaintiff requested attorney fees as though this were a divorce action, we have no transcript of any evidentiary hearing establishing plaintiff's need. *Zecchin .v Zecchin,* 149 Mich App 723, 732; 386 NW2d 652 (1986). Assuming, without deciding, that attorney fees are available, we reverse the award in this case on the basis of inadequate proofs.

Affirmed in part, reversed in part, and remanded.