BRODEUR v BRODEUR

Docket No. 110581. Submitted March 13, 1990, at Detroit. Decided
May 8, 1990.

Plaintiff, Geraldine Brodeur, and defendant, George P. Brodeur,
were divorced in Massachusetts in 1979 and defendant was
ordered to pay child support and a lump sum of alimony to
plaintiff. In 1985, defendant moved to Michigan. In 1986, the
Massachusetts court modified the divorce decree, ordering de-
fendant to pay plaintiff alimony until she remarried or died. In
1988, the Massachusetts Department of Revenue requested that
defendant's Michigan income be withheld pursuant to the
Interstate Income Withholding Act to pay his support obliga-
tion under the 1986 Massachusetts court order. Defendant
requested a hearing on the matter in Wayne Circuit Court.
Following that hearing, the court, Helene N. White, J., entered
the income withholding order as requested by the Massachu-
setts Department of Revenue. Defendant appealed.

The Court of Appeals *held:*

1. There was sufficient documentation produced at the hear-
ing to establish prima facie proof of the amount of defendant's
support arrearage.

2. Defendant met his burden of establishing a mistake of fact
as to the actual amount in arrears. The mistake as to the
amount of the arrearage does not require that the order of
withholding be vacated, however. The order acknowledges the
existence of the mistake and remedies the mistake.

3. Defendant presented no evidence to support his claim that
the 1986 Massachusetts order was obtained by fraud.

4. Defendant's claim that the 1986 Massachusetts order
modified a previous award of alimony in gross and therefore is
invalid and unenforceable in Michigan is without merit. The
substantive provisions of an out-of-state support order are
governed by the law of the jurisdiction which originally issued
the order.

5. Defendant's argument that plaintiff's remedy lies with the

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1132-1135.
See the Index to Annotations under Attachment and Garnishment;
Divorce and Separation; Withholding Funds and Property.

Uniform Reciprocal Enforcement of Support Act and not with the Interstate Income Withholding Act is rejected. The withholding act clearly applies.

Affirmed.

1. DIVORCE — ALIMONY — CHILD SUPPORT — ARREARAGES — INTERSTATE INCOME WITHHOLDING ACT.

A statement provided by another state that a person is in arrears in child support and alimony obligations is sufficient to make a prima facie case as to the amount of that person's arrearage under the Interstate Income Withholding Act (MCL 552.678[1]; MSA 25.227[8][1]).

2. DIVORCE — ALIMONY — CHILD SUPPORT — ARREARAGES — MISTAKE — INTERSTATE INCOME WITHHOLDING ACT.

A mistake of fact as to the amount by which a person is in arrears in his alimony and child support obligations does not require that an order of income withholding entered pursuant to the Interstate Income Withholding Act be vacated where the order acknowledges the existence of the mistake and remedies the mistake (MCL 552.678; MSA 25.227[8]).

3. DIVORCE — MODIFICATION OF SUPPORT ORDERS — INTERSTATE INCOME WITHHOLDING ACT.

The Interstate Income Withholding Act confers on Michigan courts jurisdiction to enter and enforce support orders of other states, but does not confer jurisdiction to modify those orders; substantive provisions of an out-of-state support order are governed by the law of the jurisdiction which originally issued the order (MCL 552.676[4], 552.683[2]; MSA 25.227[6][4], 25.227[13][2]).

*Benjamin J. White,* for plaintiff.

*Kevin A. McNulty,* for defendant.

Before: MACKENZIE, P.J., and DOCTOROFF and T. G. KAVANAGH,* JJ.

PER CURIAM. Defendant appeals as of right from an order for interstate income withholding requiring him to pay support to plaintiff in the amount of $263 per week. We affirm.

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

The parties were divorced in Massachusetts in 1979. As relevant to this appeal, the divorce decree ordered defendant to pay plaintiff a lump sum of alimony plus child support. Defendant moved to Michigan in 1985 and works in Detroit. Plaintiff continues to live in Massachusetts with the parties' minor child. In 1986, the Massachusetts court entered an order modifying the parties' divorce decree and ordering defendant to pay plaintiff $138 per week alimony until she remarried or died and $125 per week child support, a total obligation of $263 per week. Defendant was present at the hearing which resulted in the 1986 Massachusetts support order.

In 1988, the Massachusetts Department of Revenue in Boston, pursuant to the Interstate Income Withholding Act, MCL 552.671 *et seq.*; MSA 25.227(1) *et seq.*, requested the withholding of defendant's Michigan income to pay his support obligation under the 1986 Massachusetts order.

The Interstate Income Withholding Act is designed as a method of enforcing payments required under orders for the support of a child, spouse, or former spouse. The purpose of the act is "to enhance the enforcement of support obligations by providing a quick and effective procedure for the withholding of income derived in this jurisdiction to enforce support orders of other jurisdictions . . . ." MCL 552.672; MSA 25.227(2).

Under the act, another jurisdiction may forward a support order of that jurisdiction, along with documentation, to this state for entry by a court in this state. See MCL 552.676(1) and (2); MSA 25.227(6)(1) and (2). Subject to certain exceptions, a support order thus entered "shall be enforceable by income withholding against income derived in this state" in the same manner as support orders originating in this state. MCL 552.676(4); MSA

25.227(6)(4). However, entry of the other jurisdiction's support order does not confer jurisdiction on the courts of this state for any purpose other than income withholding. *Id.*

Upon notification that income withholding has been requested on the basis of a support order of another jurisdiction, the obligor may request a hearing to contest the proposed income withholding. See MCL 552.677; MSA 25.227(7). MCL 552.678; MSA 25.227(8) governs the hearing and is central to this case. It provides in pertinent part:

> (1) At any hearing contesting proposed income withholding based on [another jurisdiction's support order], the support order, accompanying sworn or certified statement [from the other jurisdiction stating the amount of arrearages], and a certified copy of an order of income withholding still in effect, if any, shall constitute prima facie proof, without further proof or foundation, that the support order is valid, that the amount of current support payments and arrearages is as stated, and that the obligee would be entitled to income withholding under the law of the jurisdiction which issued the support order.
>
> (2) Once a prima facie case has been established as provided in subsection (1), the obligor may raise only the following defenses:
>
> (a) That the withholding is not proper because of a mistake of fact concerning the amount of current or overdue support . . . .
>
> \* \* \*
>
> (c) That the support order entered under this act was obtained by fraud.
>
> \* \* \*
>
> (3) The burden shall be on the obligor to establish a defense under subsection (2).

If, following the hearing, it is determined that the obligee has or is entitled to income withholding

under the law of the jurisdiction that issued the support order, income withholding shall be ordered. MCL 552.679; MSA 25.227(9).

In this case, defendant first contends that the documentation necessary to establish prima facie proof of the amount of his support arrearage was lacking at the hearing contesting the income withholding. The record does not support this claim. Under the plain language of MCL 552.678(1); MSA 25.227(8)(1), quoted above, a certified statement of arrearages from the other jurisdiction provides prima facie proof, without further proof or foundation, that the amount of arrearages is as stated. Here, the State of Massachusetts provided a statement that defendant had made no alimony or child support payments after January 22, 1987, and that as of January 16, 1988, defendant was $12,361 in arrears in his support obligations. This was sufficient to make a prima facie case as to the amount of defendant's arrearage under MCL 552.678(1); MSA 25.227(8)(1).

Defendant contends that, even with a prima facie case as to the amount of his arrearage, at the hearing he met his burden of establishing a mistake of fact as to the actual amount in arrears. Defendant is correct. At the hearing, defendant presented evidence that the arrearage was not as great as the original Massachusetts report indicated because he had sent some payments to plaintiff and the Internal Revenue Service had seized his tax refunds. However, we disagree with defendant that the mistake as to the amount of his arrearage requires that the order of withholding be vacated. The order specifically provides the defendant be credited for any sums intercepted by the Internal Revenue Service and applied to his arrearage, as well as credit for any payment made directly to plaintiff. The order thus acknowledges

the existence of a mistake and remedies that mistake. It therefore need not be vacated.

Defendant also claims that the 1986 support order was obtained by fraud, a defense to the issuance of an income withholding order under MCL 552.678(2)(c); MSA 25.227(8)(2)(c). At the hearing, however, defendant presented no evidence that the 1986 modification to the parties' divorce decree was obtained by fraud. The evidence which defendant cites in his brief relates to plaintiff's economic circumstances as of 1988 and does not go to the question whether she misrepresented her financial affairs at the 1986 proceedings which resulted in the support order sought to be enforced. Defendant's further claim in his brief, that plaintiff had entered into a common-law marriage prior to the entry of the 1986 divorce order, was not proven at the hearing; indeed, defendant provided no authority for the proposition that Massachusetts even recognizes common-law marriages. In short, defendant failed to meet his burden of proof in establishing that the 1986 support order was obtained by fraud. We will not vacate the order of income withholding on this ground. If defendant believes changed circumstances warrant a modification of the 1986 order, his remedy is with the Massachusetts court. Michigan courts lack the jurisdiction to modify under the Interstate Income Withholding Act. MCL 552.676(4); MSA 25.227(6)(4).

Defendant claims that the 1986 Massachusetts support order modified a previous award of alimony in gross contrary to *Van Houten v Van Houten,* 159 Mich App 713; 407 NW2d 69 (1987), and therefore is invalid and unenforceable in Michigan. The claim is without merit. The act is clear that the substantive provisions of an out-of-state support order are governed by the law of the

jurisdiction which originally issued the order. See MCL 552.683(2); MSA 25.227(13)(2). The Massachusetts support order therefore did not have to comply with the holding of *Van Houten* to be enforced in Michigan. Defendant does not contend that the modification was contrary to Massachusetts law. Contrary to defendant's argument, enforcement of the order in Michigan is not precluded.

Defendant's final argument appears to be that plaintiff's remedy lies with the Uniform Reciprocal Enforcement of Support Act, MCL 780.151 *et seq.*; MSA 25.225(1) *et seq.*, and not with the Interstate Income Withholding Act. However, § 4 of the withholding act, MCL 552.674; MSA 25.227(4), provides:

> The remedy provided in this act is in addition to, and not in substitution for, any other remedy otherwise available to enforce a support order of another jurisdiction. Relief under this act shall not be denied, delayed, or otherwise affected because of the availability of other remedies . . . .

Defendant's argument therefore fails.

Affirmed