890 S.W.2d 27 (1994)
Carolyn ROSEMAN, Petitioner-Appellant,
v.
Garry ROSEMAN, Respondent-Appellee.
Supreme Court of Tennessee, at Jackson.
November 21, 1994.
*28 Gary Roseman, pro se.
Charles W. Burson, Atty. Gen. and Reporter and Michelle L. Lehmann, Asst. Atty. Gen., Nashville, for appellant.

OPINION
BIRCH, Justice.
This case presents an issue heretofore not decided in Tennessee, and it concerns the interpretation of Tenn. Code Ann. § 36-5-601 et seq.[1] regarding an income withholding order. We accepted the case in order to determine whether the Juvenile Court of Memphis and Shelby County had subject-matter jurisdiction to modify its income withholding order without a concomitant modification of the underlying order by the foreign court from which it emanated.
We find that the Court of Appeals erred in its interpretation of the statute. For the reasons discussed below, we hold that an income withholding order entered to enforce a foreign support order cannot be modified by the enforcing court unless the underlying order is first modified by the court in which it originated. Accordingly, we reverse the judgment of the Court of Appeals and remand the cause to the Juvenile Court of Memphis and Shelby County.

I
Carolyn and Garry Roseman were divorced in Maryland in 1991. The decree granted custody of two of their three children to Ms. Roseman and ordered Mr. Roseman to pay child support of $850 per month. In October 1991, the child support division of the Baltimore County Circuit Court initiated an Interstate Income Withholding action against Mr. Roseman under Md.Fam.Law Code Ann. §§ 10-120 to 10-134 (Supp. 1991)[2] by sending to Tennessee a certified copy of the divorce decree between the parties, an affidavit of arrearage in the amount of $2,459.02, a portion of the court's payment records, and a copy of the Maryland statute authorizing income withholding for the payment of child support.
On January 14, 1992, the State of Tennessee, on Ms. Roseman's behalf, filed pursuant to Tenn. Code Ann. § 36-5-601 et seq. a petition in the Juvenile Court of Memphis and Shelby County to enforce the Maryland decree through income withholding. Mr. Roseman, proceeding pro se, answered and denied the material allegations of the petition. He asserted that the Maryland support order should be modified because of an alleged change of circumstances. (This "change of circumstance" did not include his later and more significant assertion that one of the minor children had reached the age of majority).
On February 21, 1992, the referee heard the case and recommended that the Maryland support order be entered for the sole purpose of enforcement and "that the arrearage in this cause be taken under advisement." The juvenile court affirmed the recommendation of the referee and on February 25, 1992, ordered that $892.50 per month for child support be withheld from Mr. Roseman's wages. He promptly sought a rehearing, but rehearing was denied.
On May 20, 1992, Mr. Roseman petitioned the Juvenile Court of Memphis and Shelby County to reduce the amount of his payments under the income withholding order on the grounds that one of the two children in Ms. Roseman's custody had reached majority. Mr. Roseman based his contention on the provisions in Tenn. Code Ann. §§ 36-5-607, -503(a)(2), and -405. Responding, Ms. Roseman insisted that the juvenile court did not have jurisdiction to modify an Interstate Wage Withholding Order under Tenn.Code *29 Ann. § 36-5-601 et seq. absent a modification of the foreign support order.[3] As a result of the hearing before a referee, the juvenile court entered an order modifying the previously entered income withholding order by halving the amount of income to be withheld: that is, from $892.50 per month to $446.25 per month.
In the Court of Appeals, Ms. Roseman again insisted that the juvenile court was without jurisdiction to modify the order, but the Court of Appeals rejected her insistence. Instead, the court reasoned that Tenn. Code Ann. § 36-5-503(a)(2), as incorporated into Tenn. Code Ann. § 36-5-605(d), authorizes the modification of income withholding orders by specifically providing that a "payor ... may seek modification of a support order...."[4]

II
As stated, the issue we here consider is whether under Tenn. Code Ann. § 36-5-601 et seq. the responding court had subject-matter jurisdiction to modify an income withholding order though the underlying support order had not been modified. Construction of a statute is a question of law which we review de novo. The Beare Co. v. Tennessee Dept. of Revenue, 858 S.W.2d 906, 907 (Tenn. 1993); Comdata Network, Inc. v. Tennessee Dept. of Revenue, 852 S.W.2d 223 (Tenn. 1993).[5]
Our role in construing statutes is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. State v. Sliger, 846 S.W.2d 262, 263 (Tenn. 1993). We must determine the legislative intent, whenever possible, from the plain language of the statute "read in the context of the entire statute, without any forced or subtle construction which would extend or limit its meaning." National Gas Distribs. v. State, 804 S.W.2d 66, 67 (Tenn. 1991). Moreover, statutes "in pari material"  those relating to the same subject or having a common purpose  are to be construed together, and the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute. Belle-Aire Village, Inc. v. Ghorley, 574 S.W.2d 723, 726 (Tenn. 1978); Spence v. Miles Laboratories, Inc., 810 F. Supp. 952, 960 (E.D.Tenn. 1992).
The purpose of Tenn. Code Ann. § 36-5-601 et seq. is "to enhance the enforcement of support obligations by providing a quick and effective procedure for the withholding of income derived in this jurisdiction to enforce support orders of other jurisdictions... ." Tenn. Code Ann. § 36-5-601(a). In order to effectuate this purpose, the legislature gave Tennessee courts the power to enter the foreign support order as the first step toward enforcement. Tenn. Code Ann. § 36-5-605. However, the legislature specifically instructed that "[e]ntry of the order [pursuant to Tenn. Code Ann. § 36-5-605(a)] shall not confer jurisdiction on the courts of this state for any other purpose than income withholding." Tenn. Code Ann. § 36-5-605(d).[6] Thus Tennessee courts have no authority to amend or modify the foreign support order.
Once a foreign support order is entered under Tenn. Code Ann. § 36-5-605(a), the legislature provided that it "shall be enforceable *30 by income withholding against income derived in this state in the manner and with the effect as set forth in §§ 36-5-606  36-5-613 and part 5 of this chapter." Sections 36-5-606 through 36-5-613 provide procedures for notice, a hearing,[7] issuance of the income withholding order, payments, and choice of law. In addition, § 36-5-611 provides for the mandatory modification of a withholding order when the foreign support order has been amended or modified. Specifically it provides:
The agency or the clerk of the court, upon receiving a certified copy of any amendment or modification to a support order entered pursuant to § 36-5-605, shall initiate, as though it were a support order of this state, necessary procedures to amend or modify the income withholding order of this state which was based upon the entered support order. The court shall amend or modify the income withholding order to conform to the modified support order.
Tenn. Code Ann. § 36-5-611(a) (1991). Because the foreign support order in this case had not been modified, this section does not provide the juvenile court with power to modify its income withholding order.
Tennessee Code Annotated § 36-5-501 et seq. is applicable when the court is issuing an income withholding order to enforce a Tennessee support order. It is incorporated into Tenn. Code Ann. § 36-5-601 et seq. which provides the procedure for enforcement of foreign support orders. Section 36-5-503 contains provisions governing termination of an income withholding order. Within this section is the provision crucial to the case under submission. It provides:
If there are children to whom the payor is still obligated, though a change of circumstances has occurred as a result of a discontinued obligation to one (1) child, the payor may not seek termination but may seek modification of a support order pursuant to § 36-5-405.
Tenn. Code Ann. § 36-5-503(a)(2) (Supp. 1994) (emphasis added). Mr. Roseman argues, and the Court of Appeals held, that this section gives the juvenile court jurisdiction to modify the income withholding order.
We reject this interpretation for the following reasons: First, "`support order' means any order, decree, or judgment for the support, or for the payment of arrearages on such support, of a child, spouse, or former spouse, issued by a court or agency of another jurisdiction, whether interlocutory or final, whether or not prospectively or retroactively modifiable, whether incidental to a proceeding for divorce, judicial or legal separation, separate maintenance, paternity, guardianship, civil protection, or otherwise." Tenn. Code Ann. § 36-5-602(11) (1991). This definition necessarily excludes income withholding orders because those are meant to enforce support orders.
Second, Tenn. Code Ann. § 36-5-503(a)(2) provides only for the modification of support orders, not income withholding orders. Thus, while Tenn. Code Ann. § 36-5-503 is properly incorporated into Tenn. Code Ann. § 36-5-601 et seq.[8] and does provide procedures for terminating an income withholding order, it does not provide procedures for modifying an income withholding order.
Third, however, while Tenn. Code Ann. § 36-5-603(a)(2) does not provide the court with power to modify its income withholding order, it does provide that when there has been a change of circumstances resulting in a discontinued obligation, "the payor... may seek modification of a support order... ." (emphasis added). Once there has been a modification of the foreign support order then this state must modify its withholding order pursuant to Tenn. Code Ann. § 36-5-611(a).
*31 Since Tenn. Code Ann. § 36-5-601 et seq. limits the jurisdiction of the responding court to enforcement only, modification of the foreign support order must be sought in the issuing court. While Tenn. Code Ann. § 36-5-405 provides the procedure to be followed when Tennessee courts modify one of their own support orders, in light of the jurisdictional limitation in Tenn. Code Ann. § 36-5-601 et seq., it does not grant Tennessee courts jurisdiction to modify foreign support orders. See Brodeur v. Brodeur, 183 Mich. App. 668, 455 N.W.2d 387, 390 (1990) (court held that the responding court lacked jurisdiction to modify a foreign support order).
Therefore we hold that Tenn. Code Ann. § 36-5-601 et seq. and Tenn. Code Ann. § 36-5-503 do not grant jurisdiction to Tennessee courts to modify income withholding orders entered to enforce foreign support orders except if the foreign support order be first modified.
This holding is supported not only by a plain reading of the statutes but also by underlying policy. As stated above, the purpose of Tenn. Code Ann. § 36-5-601 et seq. is
to enhance the enforcement of support obligations by providing a quick and effective procedure for the withholding of income derived in this jurisdiction to enforce support orders of other jurisdictions... .
"Quick and effective" enforcement will not be achieved if Tennessee courts become involved in relitigating the amount of support. The drafters of the Model Interstate Income Withholding Act recognized this when they wrote
Modification claims needlessly delay enforcement actions on existing arrearages. It was the intention of Congress in the 1984 Amendments to establish an expeditious system for enforcing support orders as written through an automatic wage withholding system, relying on a separate proceeding to consider modification of the order.
Model Interstate Income Withholding Act § 5 (drafter's comments) (The Tennessee Code sections are largely based on the Model Act).
Allowing modification of the income withholding order in the absence of the modification of the underlying support order would unnecessarily complicate the enforcement of the support order. For example, here, the original Maryland support order is still in effect, and Ms. Roseman is entitled to enforce it according to its terms. However, were we to affirm the judgment of the Court of Appeals reducing the amount to be withheld from Mr. Roseman's income below that provided in the Maryland order, Ms. Roseman would have to institute a separate proceeding in Maryland to recover the difference. This would unduly burden the enforcement process  a result contrary to the purpose of Tenn. Code Ann. § 36-5-601 et seq. Further, such a holding would allow Tennessee courts to abrogate the findings upon which the Maryland order was based. Thus, we hold that Tennessee courts, when presented with a foreign support order pursuant to Tenn. Code Ann. § 36-5-601 et seq., must enforce it as written, without modification, subject, of course, to the defenses available in Tenn. Code Ann. § 36-5-607.[9]See Collins v. Collins, 495 N.W.2d 293, 299 (N.D. 1993); Hammond v. Reed, 508 N.W.2d 110 (Iowa Ct. App. 1993).
On a final note, our holding does not deny Mr. Roseman due process. He received notice and a hearing as provided by Tenn. Code Ann. §§ 36-5-606 and 36-5-607. Also, the income withholding order was entered only after he was unable to establish the defense of mistake of fact. Tenn. Code Ann. § 36-5-607. Moreover, he is entitled to seek modification of the underlying support order in the Maryland court which issued it. Tenn. Code Ann. § 36-5-503(a)(2). If so modified, the Juvenile Court of Memphis and Shelby County court is required to conform its income withholding order to the modified support order. Tenn. Code Ann. § 36-5-611(a).

*32 III
For all the reasons discussed above, we reverse the judgment of the Court of Appeals and reinstate the income withholding order as it was first entered on February 25, 1992. We remand the cause to the Juvenile Court of Memphis and Shelby County for such proceedings as may be necessary.
ANDERSON, C.J., DROWOTA and REID, JJ., and O'BRIEN, Special Justice, concur.
NOTES
[1] These sections provide procedure for obtaining an income withholding order in Tennessee as a means of enforcing a foreign support order. This procedure was enacted to comply with 42 U.S.C. § 666.
[2] The Maryland equivalent to Tenn. Code Ann. § 36-5-601 et seq. (1991).
[3] She based her argument on Tenn. Code Ann. § 36-5-611 and on the language in Tenn. Code Ann. § 36-5-605(d) which states "Entry of the order shall not confer jurisdiction on the courts of this state for any purpose other than income withholding."
[4] Tenn. Code Ann. § 36-5-503(a)(2) (1991 & Supp. 1994).
[5] Contrary to Mr. Roseman's argument, this action was clearly brought under the Interstate Income Withholding provisions of Tenn. Code Ann. § 36-5-601 et seq.  not under the URESA provisions found at Tenn. Code Ann. § 36-5-201 et seq. The State's original petition was specifically brought under Tenn. Code Ann. § 36-5-601 et seq. In addition, Mr. Roseman's petition for a modification of the income withholding order relied on the provisions found in Tenn. Code Ann. §§ 36-5-607, -503(a)(2), and -405. As such, any subject-matter jurisdiction granted the responding court pursuant to the URESA provisions is not here pertinent.
[6] Contrast this with the URESA provisions which provide no jurisdictional limitations. See Tenn. Code Ann. § 36-5-201 et seq. (1991 & Supp. 1994).
[7] During a hearing on a petition for an income withholding order the obligor can only raise the defense of mistake of fact. Tenn. Code Ann. § 36-5-607(b); Tenn. Code Ann. § 36-5-501(b)(1). Thus, the fact that one of the Roseman children had reached majority was not a defense to the original petition for an income withholding order.
[8] This holding is contrary to the State's position that Tenn. Code Ann. § 36-5-503 is not applicable to interstate income withholding orders. Tenn. Code Ann. § 36-5-503 is necessarily applicable to these orders because it provides the procedure for the termination of the orders as required by federal law. See 42 U.S.C. § 666(b)(10) (Supp. 1994).
[9] The fact that the obligor has limited defenses to a proceeding for an income withholding order further supports the underlying policy of "quick and effective" enforcement.