IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

April 29, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

DEBBY W. CALKINS,              )    SEVIER CHANCERY
                              )
        Plaintiff/Appellant    )        NO. 03A01-9709-CH-00413
                              )
v.                             )    HON. CHESTER S. RAINWATER
                              )    CHANCELLOR
JAMES C. CALKINS,              )
                              )    REVERSED and
        Defendant/Appellee     )    REMANDED


Stephen K. Barrett, Knoxville, for Appellant.
William A. Mynatt, Jr., Knoxville, for Appellee.

_____        **O P I N I O N**

                              INMAN, Senior Judge

        A final judgment of divorce was entered in Louisiana in June 1993,

which, *inter alia,* awarded the plaintiff custody of the children and $1,050.00

monthly child support.

        The plaintiff later moved to Sevier County, Tennessee, with the children.

The defendant moved to New Hampshire, where he attends college.

        In December 1996, the plaintiff filed a complaint to register the Louisiana

judgment in the Chancery Court of Sevier County. The defendant by special

appearance moved to dismiss because "Tennessee has no personal jurisdiction

over the defendant to enforce the judgment."

        Before the motion to dismiss was acted upon, the defendant filed a

motion in the Sevier County Chancery Court to modify the Louisiana

judgment.[1]

_____

[1]Which, at that time, had not been registered [enrolled] in Tennessee.

On April 17, 1997 the Louisiana judgment was enrolled in the Chancery Court. The plaintiff promptly filed a motion for contempt and sought a judgment for child support arrearages.

The Chancellor denied the defendant's motion to modify, and also denied the plaintiff's motion for contempt and for a judgment for the arrearage. The plaintiff appeals, and presents for review the issue of whether the court erred in failing to enforce the Louisiana judgment. Where there is no conflict in the evidence as to any material fact, the question on appeal is one of law, and the scope of review is *de novo* with no presumption of correctness accompanying a chancellor's conclusions of law. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87 (Tenn. 1993). It is pertinent to note that the issue of modification of the judgment is not before us, *See, Roseman v. Roseman,* 890 S.W.2d 27 (Tenn. 1994), and the registration of the Louisiana judgment in Tennessee is not questioned. As nearly as may be gleaned from the record, enforcement of the judgment was denied because it was a "EURESA" matter.

The appellee concedes that URESA [T.C.A. § 36-5-201 *et seq.*] has no present application to this case, but argues that "a URESA action would have to be filed in order to enforce any judgment against the property or against Mr. Calkins in his home state," because enforcement of the judgment by execution under the Uniform Enforcement of Foreign Judgments Act, T.C.A. § 26-6-101 *et seq.,* is dependent upon leviable property in Tennessee, and if not, a URESA action would be necessary.

Perhaps so, but the argument begs the question, because the record contains no revelations about all this. The defendant is before the court; he is subject to *in personam* jurisdiction by his own actions and admissions, whatever

or wherever may be his State of residency, at least for the purposes of this action.

A foreign judgment, once enrolled, has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of record in Tennessee, and may be enforced or satisfied in like manner. T.C.A. § 26-6-104(c). It is entitled to full faith and credit. *Rasnic v. Wynn*, 625 S.W.2d 278 (Tenn. App. 1981). The Tennessee judicial system has personal jurisdiction over the defendant and he is therefore subject to the coercive authority of its courts. Otherwise, enrollment of the foreign judgment was pointless.

The judgment is reversed and the case is remanded for all purposes, with costs assessed to the appellee.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge