Robert L. HUSKEY, Appellant,

v.

STATE of Tennessee, Appellee.

Supreme Court of Tennessee,
at Nashville.

Feb. 11, 1985.

Rehearing Denied April 15, 1985.

Robert L. Huskey, Manchester, pro se.

Charles L. Lewis, Asst. Atty. Gen., Nashville, for appellee; William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, of counsel.

## OPINION

FONES, Justice.

This case is before the Court on the grant of Rule Nine applications of both the State and the plaintiff, Huskey.

Plaintiff, a lawyer with offices in Manchester, Coffee County, Tennessee, filed a declaratory judgment in the Chancery Court of Davidson County against the State of Tennessee alleging that as appointed counsel for an indigent defendant, the statutory maximum fee was so inadequate that it amounted to an unconstitutional taking of his services without compensation under Article I, Section 21 of the Tennessee Constitution.

Huskey was appointed by the judge of the Circuit Court of Coffee County to represent Alan E. Lemay, an indigent defendant charged with armed robbery and felony murder.[1] He represented Lemay at the trial in that court and upon appeal to the Court of Criminal Appeals and this Court.

In due course, Huskey submitted an application for attorney's fees to the judge of the Circuit Court of Coffee County who appointed him and presided over the trial. His application for a fee, submitted on the form prescribed by this Court, claimed that he had expended 102.9 hours in the trial court and 78.3 hours in out-of-court preparation. He accompanied that form application with a petition, which was apparently in letter form, to the trial judge to award him a fee in excess of the statutory maximum. That petition is not a part of the record brought to this Court. However, the trial judge responded by letter dated February 4, 1978, agreed that the five hundred dollar fee was inadequate, expressed sympathy but denied Huskey's request for lack of authority to exceed the statutory maximum.

Huskey filed this suit in Davidson County on September 28, 1982.

The trial court overruled the State's motion to dismiss and overruled plaintiff's motion for summary judgment.

█ The Chancery Court of Davidson County has no jurisdiction to hear Huskey's claim for compensation for services rendered in a Coffee County criminal case.

The State did not raise the jurisdictional issue in the trial court, but moved to dismiss on the sole grounds of sovereign immunity. The learned chancellor overruled the motion to dismiss, but observed in his written opinion, sua sponte, as follows:

> Finally, it should be noted that the Oklahoma standard contemplates that the court where the indigent's trial occurred will decide the issue. In most of the reported cases, the issue was initially decided by the court where the indigent's trial occurred. Here, the plaintiff has elected to bring a separate suit in another court in another circuit. Ultimately, he may be required to seek his relief in the Coffee County Circuit Court. That court, after all, is in the best position to determine if the plaintiff's representation involved the extraordinary circumstances which result in a constitutional deprivation.

█ The statutes dealing with the appointment and compensation of counsel for indigent defendants are found in title 40, chapter 14, part 2. T.C.A. § 40–14–208 expressly requires that attorneys seeking compensation for services rendered indigent defendants under court appointment shall file an application with the trial court stating the nature and extent of the services rendered and the expenses incurred. There is no question but that the Legislature intended the "trial court" to be the same court that appointed counsel and wherein the services were rendered, although such designation is not explicit in the statute. In T.C.A. § 40–14–206, the Legislature directed that this Court shall prescribe rules governing applications for compensation and expenses and "such other rules with regard to the accomplishment of the purposes of this part as it deems appropriate in the public interest."

---

1. The homicide Lemay was charged with occurred a few days prior to the re-enactment of the death penalty statute in Tennessee. Thus, since it was not a death penalty case, Huskey's fee was subject to the statutory maximums of $100 per day for each day of trial, $500 for each case or proceeding in the trial court, a like maximum in the Court of Criminal Appeals and the Supreme Court. In capital cases, attorneys may be compensated in such amount as "the appropriate appellate court shall determine to be reasonable for the services rendered."

■ We hold that the statutes governing appointment and compensation of counsel for indigent defendants in the trial courts of this State, vest exclusive jurisdiction of all claims for compensation for such services in the trial court where the appointment was made and the services rendered, regardless of whether the claim is asserted as a contractual claim against the State of Tennessee, a statutory claim, a constitutional claim, or otherwise based.

T.C.A. § 40–14–208 provides for the payment of compensation and expenses to attorneys representing indigent counsel "upon a certified copy of the court order fixing any compensation" which must be forwarded to the office of the Executive Secretary of the Supreme Court for audit. The Executive Secretary of this Court performs no judicial or adjudicative function whatever. The audit is for the sole purpose of determining whether the statutory maximum hourly, daily and per case limitations have been observed.

A party dissatisfied with a trial court order awarding compenstion may appeal as of right in accord with the provisions of Tennessee Rules of Appellate Procedure applicable to such appeals. The notice of appeal required by Rule 3 shall be filed with the trial court within thirty days after the entry of the order in the trial court adjudicating the claim for compensation.

Plaintiff also alleged that he filed a claim in the Court of Criminal Appeals for his services rendered on the appeal of the Lemay case to that Court and for the preparation and filing of a Rule eleven application to this Court. He asserted that he expended 181.3 hours out-of-court time and 10.3 hours in court on appellate work, and that he petitioned for the allowance of a fee in excess of the statutory maximum and "submitted reasons and justification therefor;" that a member of that Court, while sympathetic, determined that a fee of five hundred dollars was the maximum amount that plaintiff could be awarded.

■ This record does not contain plaintiff's so-called reasons and justification why his appellate work was of such a nature and extent that his constitutional right to just compensation has been violated and certainly no such conclusion could be drawn from the face of the claim which he submitted.

■ It follows from our holding with respect to services rendered in the trial court, that no independent cause of action against the State of Tennessee can be pursued by a lawyer dissatisfied with the award of a fee for representing indigent defendants in the appellate courts. Such a claim must be timely filed in the criminal cases wherein the services were rendered and review of an award of the Court of Criminal Appeals should be sought pursuant to T.R.A.P. 11.

The judgment of the Chancery Court of Davidson County is reversed and this suit is dismissed, without prejudice. Costs are adjudged against plaintiff.

COOPER, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.