**William A. ALLEN and James J. Barrett, Plaintiffs/Appellants,**

v.

**Cletus McWILLIAMS, Executive Secretary of the Supreme Court of Tennessee, Defendant/Appellee.**

Supreme Court of Tennessee, at Knoxville.

Aug. 4, 1986.

Lenny L. Croce, Oak Ridge, for plaintiffs-appellants.

Hal D. Hardin, Nashville, amici curiae, for Tennessee Bar Ass'n.

Kenneth J. Ries, Paul J. Morrow, Jr., Nashville, Ann C. Short, Knoxville, amici curiae, for Tennessee Ass'n of Criminal Defense Lawyers.

W.J. Michael Cody, Atty. Gen. and Reporter, Charles L. Lewis, Deputy Atty. Gen., Nashville, for defendant-appellant.

Kim Fawcett, Detroit, Mich., Kenneth J. Ries, Nashville, amici curiae, for National Legal Aid & Defender Ass'n.

## OPINION

HARBISON, Justice.

This action was instituted in the Chancery Court of Davidson County, Tennessee, against Hon. Cletus McWilliams, Executive Secretary of the Supreme Court of Tennessee, by two attorneys licensed to practice in Tennessee. They filed claims for fees with the Executive Secretary for services rendered by them to six indigent defendants in local courts located in Anderson County, Tennessee. Appellant Allen had been appointed to represent certain indigent defendants by the Municipal Court in Oak Ridge, Tennessee, and appellant Barrett had been appointed by the Anderson County Trial Justice Court, both of these local courts being the equivalent of General Sessions Courts of the state with respect to their authority to act as committing magistrates. Each of the six indigents repre-

sented by appellants was initially charged with a felony. In each instance the charges were either dismissed in the local court on preliminary hearing or were reduced to a misdemeanor and disposed of by plea bargain in the local court.

None of the services for which appellants claimed compensation were rendered in a circuit court or a criminal court of comparable jurisdiction. The courts in which appellants rendered their services are not "courts of record" in the sense in which that term is generally used in Tennessee practice and procedure—that is, courts keeping regular minutes of their proceedings by written orders entered in permanent bound volumes.[1]

Pursuant to statutes and rules of the Supreme Court hereinafter cited and discussed the Executive Secretary interpreted his authority to compensate counsel for indigents charged with a felony to be limited to services rendered (a) either in one of the regular trial courts of general jurisdiction or an appellate court or (b) for services rendered in a general sessions court or its equivalent, but only in cases which ultimately reached the regular circuit or criminal courts or appellate courts and were finally disposed of in those higher courts.

This interpretation was based upon the language of the statutes and also of Rule 13 of this Court implementing them. It was not an unreasonable interpretation and, indeed, was based upon provisions contained in those statutes which appeared to refer to courts of record as the appointing courts and those in which felony charges ultimately terminated. This interpretation by the Executive Secretary is sharply criticized in some of the briefs filed in support of the claim of appellants, but we believe that this criticism is not well taken.

In light of the recent opinion in *Huskey v. State*, 688 S.W.2d 417 (Tenn.1985), we find considerable merit in the opinion of the Court of Appeals which, reversing the

Chancellor, held that claims for compensation such as this may not be maintained in the form and in the manner attempted here.

Nevertheless the case involves an issue of great importance to the legal profession and to the public. To a significant degree it involves the interpretation of an existing rule of this Court, of which the Court itself is the primary arbiter. The subject also is affected by the enactment of 1986 Tenn. Pub.Acts, Ch. 878, discussed later in this opinion.

Under the circumstances, although we granted the application of appellants for review under Rule 11, T.R.A.P., we have treated that application as an original petition to this Court to consider the interpretation of the statutes upon which Rule 13 is based and the possible modification of that Rule. Appellants may have been uncertain as to the proper procedure to be followed in this case, since their applications for fees had been approved by the local courts which appointed them but had then been rejected by the Executive Secretary. Their situation is somewhat different from that of the claimant in *Huskey, supra.* Further, their claims involve the interpretation and application of the statutes, rather than being based entirely upon Rule 13, so that it may have been appropriate that they seek a declaratory judgment in the county of the official residence of the Executive Secretary.

Nevertheless, the matter is more properly treated as an original petition to this Court in keeping with the procedure directed in *Petition of Tennessee Bar Association*, 539 S.W.2d 805 (Tenn.1976). There a direct action against the members of this Court in their official capacities had been attempted in a chancery court. This Court enjoined those proceedings and had the matter transferred here for consideration as a direct petition concerning the promulgation and application of Rule 42.[2] In the

---

**1.** *Page v. Turcott,* 179 Tenn. 491, 503, 167 S.W.2d 350, 354 (1943); *Chrisman v. Metropolitan Life Ins. Co.,* 178 Tenn. 321, 325, 157 S.W.2d 831, 832 (1942).

**2.** Now Rule 9.

course of one of the opinions in that case it was stated:

"The Court has undertaken to extend to any member of the profession who questions its actions in any manner the right to file a petition, at any reasonable time, to ask the Court to reconsider or modify those actions." 539 S.W.2d at 810.

 The Court has on several occasions received direct petitions to modify its existing rules, such as those governing professional advertising or conduct. Insofar as the matter is covered by our Rules, the same privilege exists for any member of the profession to seek modification or revision of Rule 13 and its interpretation or application either by the Court or by its Executive Secretary. We deem this the more appropriate procedure and, as stated, have treated the Rule 11 application filed in this case as such a petition.

Appellants contend that appointed counsel in felony cases should be compensated for work performed before committing magistrates, such as general sessions or municipal courts having authority to serve in that capacity, even though the felony cases terminate in those courts by reason of dismissal or plea bargaining. It is their insistence that statutory provisions enacted in Tennessee following the decision of the Supreme Court of the United States in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) are broad enough to authorize compensation for services rendered in those local courts.

Following the decision in *Gideon v. Wainwright, supra,* the General Assembly enacted 1965 Tenn.Pub.Acts, Ch. 217, dealing generally with the appointment of counsel in felony cases. The original statute, with some amendments, is now codified at T.C.A. §§ 40–14–201 to –210.

T.C.A. § 40–14–202(b) provides for a determination of indigency of a person .charged with a felony. Where such finding has been made and the accused has not competently waived his right to counsel, T.C.A. § 40–14–202(a) provides that the court shall appoint either the Public De-

fender, if there is one in the county, or a qualified licensed attorney to represent the accused. In part this statute provides:

"Each appointment of counsel shall be denoted by an appropriate entry upon the minutes of said court, which shall state the name of counsel and the date of his appointment, but failure of the court to make such a minute entry shall not in any way invalidate the proceeding if an attorney was in fact appointed."

Under T.C.A. § 40–14–203 any attorney so appointed shall represent the accused "at all stages of the proceedings before the court which appointed him, and also upon any appeal from the judgment of such court which imposes a prison sentence." Appointed counsel, however, are required to represent the accused only through an initial appellate review and are not required to continue "through a second tier discretionary appeal, by applying to the Supreme Court" for further review.

T.C.A. 40–14–204 provides for the appointment of counsel in proceedings for *habeas corpus* or writ of error *coram nobis.*

Attorneys so appointed are entitled to be compensated in the manner and to the extent specified in T.C.A. § 40–14–207, and in accordance with rules to be prescribed by this Court pursuant to T.C.A. § 40–14–206. Procedures for making application for reimbursement or compensation by private attorneys are contained in T.C.A. § 40–14–208, and provisions for compensation for public defenders are contained in T.C.A. § 40–14–209.

While the term "court" is not specifically defined in these statutes, it seems rather clear that initially the statutes were intended to apply to courts of record, since general sessions courts and committing magistrates ordinarily do not keep regular "minutes" of their orders and proceedings; they do not usually impose a "prison sentence" in felony cases, nor are their decisions usually appealed to the Court of Criminal Appeals. Further, those courts normally do not entertain actions for writ of error

*coram nobis* or *habeas corpus* in felony cases. Clearly the Executive Secretary based his interpretation of these statutes upon the portions which seem to refer to courts of record, even though at one point they do authorize payment for work done in connection with a preliminary hearing. T.C.A. § 40–14–208(a) provides:

"Each attorney seeking reimbursement or compensation hereunder shall file an application with the trial court, stating in detail the nature and amount of the expenses claimed, supporting such claim with receipts showing payment thereof and stating the nature and extent of his services, including those in connection with any preliminary hearing."

At the time these statutes were enacted in 1965, the preliminary hearing before a committing magistrate was not deemed a critical stage of a felony proceeding, nor was it constitutionally required. *See Hunter v. State,* 222 Tenn. 672, 440 S.W.2d 1 (1969); *see also Harris v. Neil,* 437 F.2d 63 (6th Cir.1971).

By 1971 Tenn.Pub.Acts, Ch. 245, however, the accused was given a statutory right to a preliminary hearing in both felony and misdemeanor cases. Interpreting this statute in *McKeldin v. State,* 516 S.W.2d 82 (Tenn.1974) this Court held that under the provisions of this statute, the accused was entitled to a preliminary hearing and was entitled to the appointment of competent counsel to represent him at that stage of the proceedings.

The provisions for the conducting of a preliminary hearing have been carried forward into Rule 5, T.R.Crim.P. It is apparent from Rule 1 of those rules, that the Rules of Criminal Procedure govern procedure in the General Sessions Courts of the state as well as the courts of record with respect to the conduct of various preliminary proceedings in criminal cases, including the assignment of counsel as provided in Rule 44.

Rule 44(a) provides in part as follows: "Every indigent defendant shall be entitled to have counsel assigned to represent him in all matters necessary to his defense and at every stage of the proceedings, unless he executes a written waiver. Before accepting such waiver the court shall first advise the accused in open court of his right to the aid of counsel in every stage of the proceedings."

It is obvious that there have been many significant changes in criminal practice and procedure since 1965, and the right to counsel has been considerably broadened.

It would be awkward and probably an unworkable procedure to require that the appointment of counsel to represent indigents charged with felonies be made initially in the regular circuit or criminal courts or trial courts of record. Such appointments are now regularly made in the first instance in courts conducting preliminary proceedings, such as preliminary hearings, motions to quash, and the like. Where such cases then proceed into the regular trial courts of record, the initial appointments are sometimes confirmed; in other instances different counsel are appointed.

It thus appears that heretofore there has been no clearly stated authority providing for compensation of counsel whose services are confined to the local, or committing, court. Nevertheless T.C.A. § 40–14–208(a), quoted previously, clearly authorizes compensation for such services where the cases do not terminate in the preliminary stages.

■ After carefully reconsidering the matter, it is our opinion that the General Assembly intended compensation for counsel for indigents at all stages of felony proceedings, including those before local committing magistrates such as general sessions or municipal courts. Accordingly we deem it appropriate to revise Rule 13 so as to provide for such compensation in accordance with the text of a revision of Rule 13 which is appended to this opinion and made a part hereof by reference.

Further, by 1986 Tenn.Pub.Acts, Ch. 878, the right to compensation of counsel for indigents has been extended to misdemeanor cases as well as to felonies. In addition § 2 directs this Court to provide rules for

compensation "in all cases where appointment of counsel is required by law."

Accordingly, with the aid of the Executive Secretary and his staff, we have revised and rewritten Rule 13 in its entirety. The new rule is being filed herewith, effective July 1, 1986, and it provides for claims such as those asserted by appellants as well as for compensation in misdemeanor cases and other types of proceedings not previously covered by Rule 13.

The claims of appellants arose before the effective date of the new rule, but in our discretion we direct that they be honored by the Executive Secretary, subject to audit and to all other rules applicable to such claims. Any pending claims similar to those filed by appellants for compensation in felony cases in local courts will be honored, even though the services were rendered prior to July 1, 1986, if such claims were timely filed and are otherwise in order, but this decision will not be retroactive to cover claims previously denied or not timely filed.

In *Huskey v. State,* 688 S.W.2d 417, 419 (Tenn.1985), it was provided that a party dissatisfied with a trial court order awarding compensation may appeal as of right to the Tennessee Court of Criminal Appeals pursuant to Rule 3, T.R.A.P., and, thereafter, of course, the claim would proceed in accordance with the general rules governing appellate practice and procedure.

■ Where a claimant is dissatisfied with the order of a municipal or general sessions judge, it is necessary that we prescribe a procedure for review of orders of those local courts. Accordingly we direct that a claimant, if dissatisfied, may appeal to the circuit or criminal court of the county in which the services were rendered in accordance with existing provisions for appeals in such cases. If not satisfied with the resolution of the matter there, the claimant may proceed to seek further review in accordance with the procedure outlined in *Huskey, supra.*

In any case where a claimant seeks review only of the action of the Executive Secretary, and not of a court, the claimant may file a direct petition for certiorari with this Court in the manner prescribed in Section D of the revised Rule 13 issued simultaneously herewith.

At our discretion we tax the costs of these proceedings to the Office of the Executive Secretary.

Order in accordance with opinion.

## AMENDMENT TO RULES OF THE SUPREME COURT OF TENNESSEE

### ORDER

Rule 13 of the Rules of the Supreme Court of Tennessee is hereby stricken in its entirety and the following substituted in its place and stead:

**Rule 13. Appointment and Compensation of Counsel for Indigent Defendants.**

### 1. Appointment of Counsel

In every criminal case in which an adult is charged with a felony or a misdemeanor where the defendant is in jeopardy of incarceration, or in every criminal case in which a party is charged with juvenile delinquency by the commission of an act which, if committed by an adult, would be a felony, or in contempt proceedings where the defendant is in jeopardy of incarceration, or where a petition for habeas corpus, post-conviction relief, early release, suspended sentence or probation revocation has been filed, the Court shall advise the party that he has a right to be represented by counsel throughout the case and that counsel will be appointed to represent him if he so desires and if he is financially unable to obtain counsel.

Whenever the party states that he is financially unable to obtain counsel and desires the appointment of counsel, it shall be the duty of the judge to conduct an inquiry and to make a proper finding as to the indigency of the accused in compliance with the provisions of Tenn.Code Ann. § 40–14–202. Upon a finding of indigency, counsel shall be appointed. All statements

made by the defendant or petitioner in such an inquiry shall be by affidavit sworn to before the judge.

The Court shall appoint separate counsel for defendants having interests that cannot be properly represented by the same counsel, or when other good cause is shown.

If, after being advised of his right to have an attorney appointed to represent him, the party refuses to accept the services of counsel, such refusal shall also be in writing and signed by the party in the presence of the judge who shall acknowledge thereon the signature of the party. Such refusal shall be made a part of the record in the case.

The Court shall, in selecting and appointing such counsel, either designate the Public Defender Service, if such service is available, or private attorney selected from a panel of attorneys approved by the Court. The party shall not have the right to select his appointed counsel from the Public Defender Service, from the panel of attorneys, or otherwise.

Counsel appointed shall, unless excused by order of the Court, continue to act for the party throughout the proceedings of the trial and of any appeal.

In a capital case two attorneys may be appointed for one defendant and each is eligible for compensation. For purposes of this Rule, a capital case is defined as:

A case in which an individual is indicted for an offense that is punishable by death and wherein the district attorney general announces to the Court at any time, prior to the presentation of proof, that the state will insist upon the death penalty. See Tenn.Code Ann. § 40–14–207.

Co-counsel or associate attorneys appointed in non-capital cases may not be compensated.

## 2. Compensation for Appointed Counsel

### A. General Information

In a single trial of separate indictments and/or defendants, appointed counsel can appropriately file separate claims in each case, but cannot charge separately for time spent on all the cases. Time may be prorated, cross-referencing each case on claims, but time spent exclusively on any one case may properly be charged only on the claim for that case.

All claims for compensation covering work in a preliminary hearing or for trial preparation shall be specific as to the service performed, the date performed, timed in hours, and tenths of hours, and submitted by the attorney on a form approved by the Executive Secretary to the Supreme Court to the judge having jurisdiction of the case at the time the services were rendered for consideration in determining the compensation to be awarded. The judge must sign the claim. A facsimile signature will not be accepted.

The Executive Secretary to the Supreme Court shall examine and audit all claims for attorneys' fees and expenses to insure compliance with these rules and other statutory requirements. After such examination and audit and giving due consideration to state revenues, the Executive Secretary shall make a determination as to the compensation to be paid to each attorney and/or expert and cause payment to be issued in satisfaction thereof. The determination by the Executive Secretary shall be final, except as provided in Section D.

All claims must be submitted to the Executive Secretary within ninety (90) days from final disposition of the case. Final disposition means the last activity of the attorney in relation to the case, not the end of the trial.

### B. Fee Structure

The following fees are prescribed for appointed counsel. The rate prescribed shall be determined by the original charge in the case:

### (1) Misdemeanor Cases (Adult & Juvenile)

In cases charged as misdemeanors where the defendant is in jeopardy of incarceration, the maximum hourly rate for an attor-

ney shall not exceed $20 per hour for time reasonably spent in trial preparation. The maximum rate for time expended in court shall not exceed $30 per hour with a total not to exceed $60 for each day of trial. The total maximum compensation for all services in a trial or proceeding shall not exceed $100.

### (2) Contempt Cases (Adult & Juvenile)

In cases charged as contempt of court where the defendant is in jeopardy of incarceration, the maximum hourly rate for an attorney shall not exceed $20 per hour for time reasonably spent in trial preparation. The maximum rate for time expended in court shall not exceed $30 per hour with a total not to exceed $100 for each day of trial. The total maximum compensation for all services in a trial or proceeding shall not exceed $250.

### (3) Juvenile-Felony (Non-capital cases)

In juvenile cases involving offenses which, if committed by an adult would be classed as felonies, the maximum hourly rate for an attorney shall not exceed $20 per hour for time reasonably spent in trial preparation. The maximum rate for time expended in court shall not exceed $30 per hour with a total not to exceed $100 for each day of trial. The total maximum compensation for all services in a trial or proceeding shall not exceed the statutory maximum of $500. (Tenn.Code Ann. § 37–1–150)

### (4) Adult-Felony (General Sessions & Municipal Courts)

In cases originally charged as felonies which terminate before a general sessions or municipal court authorized to conduct preliminary proceedings in felony cases, the maximum hourly rate for an attorney shall not exceed $20 per hour for time reasonably spent in trial preparation. The maximum rate for time expended in court shall not exceed $30 per hour with a total not to exceed $100 for each day of trial. The total maximum compensation for all

services in a trial or proceeding shall not exceed $500.

### (5) Adult-Felony (Non-capital cases— Trial Courts)

In non-capital cases charged as felonies, the maximum hourly rate for an attorney shall not exceed $20 per hour for time reasonably spent in trial preparation. The maximum rate for time expended in court shall not exceed $30 per hour with a total not to exceed $200 for each day of trial. The total maximum compensation for all services in a trial or proceeding shall not exceed the statutory maximum of $1,000. (Tenn.Code Ann. § 40–14–207)

### (6) Appeals (Non-capital cases)

Compensation for appellate work, including an interlocutory appeal, will be determined by the appropriate appellate court. The maximum compensation for services rendered in the Court of Criminal Appeals shall be $1,000 and a like maximum amount for services rendered in the Supreme Court. (Tenn.Code Ann. § 40–14–207)

### (7) Early Release or Suspended Sentence Hearings

In early release or suspended sentence hearings, the maximum hourly rate for an attorney shall not exceed $20 per hour for time reasonably spent in preparation. The maximum rate for time expended in court shall not exceed $30 per hour with a total not to exceed $100 for each day of trial. The total maximum compensation for all services in a proceeding shall not exceed $500.

### (8) Post Conviction Relief and Habeas Corpus Cases (Non-capital cases)

In non-capital, post conviction relief and habeas corpus proceedings, the maximum hourly rate for an attorney shall not exceed $20 per hour for time reasonably spent in trial preparation. The maximum rate for time expended in court shall not exceed $30 per hour with a total not to exceed $100 for each day of trial. The total maximum com-

pensation for all services in a proceeding shall not exceed $500.

### (9) Probation Revocation Hearings

In probation revocation hearings, the maximum hourly rate for an attorney shall not exceed $20 per hour for time reasonably spent in preparation. The maximum rate for time expended in court shall not exceed $30 per hour with a total not to exceed $100 for each day of trial. The total maximum compensation for all services in a proceeding shall not exceed $500.

### (10) Capital Cases

In capital cases, the maximum hourly rate for an attorney shall not exceed $20 per hour for time reasonably spent in trial preparation. The maximum rate for time expended in court shall not exceed $30 per hour with a total not to exceed $200 for each day of trial.

A two step procedure must be followed in obtaining authorization for compensation in a capital case. First, the appropriate court, trial or appellate, shall determine reasonable compensation to be allowed the attorney based upon the services rendered in that court. Second, the claim will be submitted to the Executive Secretary to the Supreme Court for final approval by the Executive Secretary and Chief Justice.

In capital cases, the court may determine that investigative or expert services, or other similar services are necessary to ensure the protection of the constitutional rights of a defendant. (Tenn.Code Ann. § 40–14–207) The defense counsel must seek prior approval for such services by submitting a written motion to the Court setting forth:

(a) the name of the proposed expert or service;

(b) how, when and where the examination is to be conducted or the services are to be performed;

(c) the cost of the evaluation and report thereof; and

(d) the cost of any other necessary services, such as court appearances.

If the motion for expert services is granted, the court must grant the prior authorization for these expert services in a reasonable amount to be determined by the court. The authorization shall be evidenced by a signed order of the court. The order shall be made part of the record in the case and a certified copy included with the attorney's claim for compensation and reimbursement. Payment may be made directly to the individuals rendering the expert services upon certification by the attorney that the services have been rendered and approved by the court. If the attorney is to be reimbursed, the expense shall be included on the attorney's claim for compensation and reimbursement and supported by such receipts as may be required by the Executive Secretary.

### C. Expenses

### (1) Out-of-Pocket Expenses

Out-of-pocket expenses reasonably incurred for long distance telephone calls and copying and printing will be reimbursed if approved by the appropriate court as reasonably incurred. A telephone log must accompany the reimbursement request and must contain the date the call was made, the city called, and the purpose of the call. These expenses are not included in the statutory maximums.

### (2) Travel Expenses

Prior authorization for reasonable travel expenses must be obtained from the judge of the court having jurisdiction of that stage of the proceeding. Such authorization shall be made part of the record in the case and a certified copy included with the attorney's claim for compensation and reimbursement. If authorization is granted by the trial judge for travel expenses, the order of authorization must contain sufficient findings of fact to justify the travel, including a finding that there are no alternative methods of obtaining the informa-

tion sought or of obtaining statements of witnesses that are less expensive. Reasonable travel expenses, which have received prior authorization, will be reimbursed in accordance with the Judicial Travel Regulations and no exceptions will be allowed.

### (3) Other Expenses

All other expenses of any nature will not be considered out-of-pocket expenses. For reimbursement to be made, prior authorization for such expenditures must be obtained from the judge of the court having jurisdiction of that stage of the proceeding and from the Executive Secretary to the Supreme Court. Such authorization shall be made part of the record in the case and a certified copy included with the attorney's claim for compensation and reimbursement.

### D. Review of Claims for Compensation

### (1) Petition for Review

Any person aggrieved by any action of the Executive Secretary may petition this Court for a review thereof as under the common law writ of certiorari. On the grant of the writ, the Executive Secretary shall certify and forward to the Court a complete record of the proceedings before his office in the matter. Any such petition must be filed within 60 days after the action complained of.

### (2) Costs

The Court may make such orders as it may consider appropriate with respect to the payment of or security for costs and other expenses of hearings before the Court.

### (3) Exhaustion of Remedies

The Court will not entertain a petition under this rule unless the petitioner has first exhausted his remedy before the Executive Secretary.