**Petition of Attorney Isaiah S. GANT, for review as under the common law writ of certiorari.**

**In re HOURLY COMPENSATION RATE OF COURT APPOINTED COUNSEL in the death penalty case of State of TN v. Courtney Mathews, Montgomery County No. 33791.**

Supreme Court of Tennessee, at Nashville.

Sept. 16, 1996.

William P. Redick, Jr., Whites Creek, for Petitioner.

Charles W. Burson, Attorney General and Reporter, Kathy Morante, Deputy Attorney General, Nashville, for Respondent.

## OPINION

BIRCH, Chief Justice.

Isaiah S. Gant, appointed counsel in a capital case, petitions this Court for review of the refusal of the Director of the Administrative Office of the Courts to compensate him at a rate higher than that established in Rule 13, Rules of the Supreme Court of Tennessee. Because we find that the Director, in rejecting Gant's claim, neither exceeded his jurisdiction nor acted illegally, arbitrarily, or fraudulently, we affirm the ruling of the Director.

Tennessee Code Annotated § 40–14–207(a)(1) (Supp.1995) provides in pertinent part: "Attorneys appointed hereunder, other than public defenders, shall be entitled to reasonable compensation for their services...." Relying on this provision, Gant filed an *ex parte, in camera* motion in the trial court requesting an increase in the rate of hourly compensation for his work as appointed counsel in a capital case. In the motion, Gant alleged that the hourly compensation rates set forth in Tennessee Supreme Court Rule 13(2)(B)(10) (hereinafter "Rule 13") are "unreasonable."[1] After hearing the matter, the trial court agreed. Accordingly, the trial court established an hourly rate of $100 as "reasonable," without distinction between in-court and out-of-court services.

Gant calculated his claims at this higher rate and presented them to the trial court. The trial court endorsed and forwarded them to the Director of the Administrative Office of the Courts. The Director refused the claims as submitted and recalculated them applying the rates established in Rule 13. To contest the Director's refusal to pay the claim as originally submitted, Gant filed this petition for review under the common-law *writ of certiorari.*

Because the rate of compensation for attorneys appointed to represent indigent persons in criminal cases has been established by Supreme Court rule, we hold that the Director properly refused to apply a rate other than that established by this Court to calculate the compensation due petitioner.

## I

Gant was appointed to represent a defendant indicted upon several counts of first-

---

1. Rule 13(2)(B)(10) sets the hourly compensation rate in capital cases at $40 maximum for out-of- court work and $50 maximum for in-court work.

degree murder. The State then filed notice of its intent to seek the death penalty.

On February 8, 1995, prior to trial, Gant filed a "motion *ex parte, in camera,* for compensation of counsel that is reasonable in a capital case." The trial court conducted an *ex parte* hearing on the motion. During the hearing, Gant testified about the responsibilities of capital counsel and his qualifications to represent capital defendants. Other evidence introduced at this hearing is summarized as follows:

1. Representation of a capital defendant is an extremely complex and demanding job;

2. A relationship exists between the rate of compensation paid to attorneys representing indigent persons in capital cases and the quality of representation those persons receive; and

3. The current compensation rate of $40/$50 per hour is inadequate because it fails to cover the attorney's overhead and does not reasonably compensate the attorney for services rendered.

Following the hearing, the trial judge found that "a reasonable hourly compensation rate for [Gant] ... is hereby set at $100.00 per hour, without distinction for in-court and out-of-court services."

Pursuant to Rule 13, Gant submitted two discrete claims for compensation. The first claim, approved by the trial court on September 11, 1995, was for 29.90 hours for in-court services; 1,024.20 hours for out-of-court services; and $792.32 for incidental expenses. Applying the $100 per hour rate for in-court as well as out-of-court services, the claim totaled $105,410.[2] On October 2, 1995, the trial court approved the second claim. This claim was for 113.70 out-of-court hours and $15.78 in expenses. Calculated using the hourly rate of $100 and, excluding expenses, the second claim totaled $11,370. Following trial court approval, Gant submitted the claims to the Director of the Administrative Office of the Courts as required by Rule 13.

The Director reviewed the claims and calculated each based on the established $40/$50 hourly rate. Thus, the Director calculated the first claim to total $43,255.32;[3] and the second claim, $4,563.78.[4] By memorandum to the Court, the Director recommended payment of the fees on October 2 and 4, 1995, respectively.

II

Pursuant to Rule 13(2)(D)(1), Gant then filed in this Court a petition for review under the common-law *writ of certiorari,* and the Director responded.

Rule 13(2)(D)(1) provides for an "appeal" from an action taken by the Director on a claim for compensation:

Any person aggrieved by any action of the Executive Secretary[5] may petition this Court for a review thereof as under the common law writ of certiorari. On the grant of the writ, the Executive Secretary shall certify and forward to the Court a complete record of the proceedings before the executive secretary's office in the matter. Any such petition must be filed within 60 days after the action complained of.

In *McCallen v. City of Memphis,* 786 S.W.2d 633, 638 (Tenn.1990), this Court, quoting Tenn.Code Ann. § 27–8–101, noted the scope of review in a common law writ of certiorari proceeding:

The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy or adequate remedy.

Thus, "[r]eview under the common law writ is limited to whether the 'inferior board or tribunal (1) has exceeded its jurisdiction, or

---

2. This figure does not include the $792.32 expenses claimed.

3. $1,495 in-court services, $40,968 out-of-court services, and expenses of $792.32.

4. $4,548 in out-of-court services and expenses of $15.78.

5. The title "Executive Secretary" has since been changed to "Director of the Administrative Office of the Courts."

(2) has acted illegally, arbitrarily, or fraudulently.'" *Id.* (citing *Hoover Motor Exp. Co. v. Railroad & Pub. Util. Comm'n.*, 195 Tenn. 593, 604, 261 S.W.2d 233, 238 (1953)).

In determining that $100 per hour was a reasonable rate of compensation for attorney services in this cause, the trial court noted a conflict between § 40–14–207(a)(1) and Rule 13. Thus, to resolve this issue, we look to the language of the statutes governing compensation for appointed counsel and to Rule 13.

It is a well-established rule of statutory construction that statutes "in pari materia"—those relating to the same subject or having a common purpose—are to be construed together. *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995); *Roseman v. Roseman*, 890 S.W.2d 27, 29 (Tenn.1994); *Belle–Aire Village, Inc. v. Ghorley*, 574 S.W.2d 723, 726 (Tenn.1978). Moreover, the construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of another statute. *Roseman*, 890 S.W.2d at 29. Following these guidelines, we do not find a conflict between § 40–14–207(a)(1) and Rule 13.

While the trial court correctly noted that Gant was entitled to reasonable compensation for his services under Tenn.Code Ann. § 40–14–207(a)(1), the court failed to consider Tenn.Code Ann. § 40–14–206. The latter provision grants this Court the authority to promulgate rules prescribing "compensation for appointed counsel, not otherwise compensated, in all cases where appointment of counsel is required by law." We have exercised this authority through Rule 13. Hence, what is reasonable under Tenn.Code Ann. § 40–14–207(a)(1) has necessarily been determined by this Court pursuant to its authority under Tenn.Code Ann. § 40–14–206.

Rule 13 states unequivocally: "In capital cases, the maximum hourly rate for an attorney shall not exceed $40.00 per hour for time reasonably spent in trial preparation. The maximum rate for time expended in court shall not exceed $50.00 per hour."

In the instant case, the petitioner has neither demonstrated nor attempted to demonstrate that the Director, in processing his claim, exceeded his jurisdiction or acted "illegally, arbitrarily, or fraudulently." *McCallen*, 786 S.W.2d at 638. In fact, the opposite is true—the Director acted within his jurisdiction and followed the dictates of Rule 13 precisely. In fact, if the Director had paid the claims at the rate submitted by the petitioner and approved by the trial court, he would have exceeded his authority and would have, indeed, acted illegally. By using the rate established in Rule 13, the Director acted properly. Reviewed under the principles applicable to petitions for the common-law *writ of certiorari*, the petition must fail.

### III

We are reluctant to end this discussion without addressing two important procedural issues, and the first relates to the *ex parte* nature of the trial court proceedings.

As stated previously, the motion that led to this petition was heard *ex parte* and *in camera*. Ostensibly, it was filed under the authority of Rule 13 and Tenn.Code Ann. § 40–14–207(b). The petitioner and the trial court apparently believed that these provisions either required or supported an *ex parte, in camera* hearing. However, the provisions apply only to. motions for advance approval of expert services or other expenses in capital cases. If these provisions apply at all to attorney's fees, they operate to expedite the resolution of disputes regarding the services rendered or the number of compensable hours. Nothing, however, in Rule 13 or § 40–14–207(b) provides the trial court with the authority to replace the established rate with its own.

The *ex parte* procedure employed here effectively converted the motion into a request for a declaratory judgment invalidating the hourly rate set in Rule 13. In this regard, the *ex parte* procedure foreclosed the cross-examination of Gant's expert witnesses. Simultaneously, it effectively precluded the introduction of any rebuttal or contradicting evidence. Thus, under the procedure employed, the trial court had little choice but to find the established rates unreasonable.

The second, and perhaps the more important procedural issue, concerns the au-

thority of the trial court to entertain the matter at all. Necessarily included in this Court's promulgation of the $40/$50 rates is the prerequisite finding that the rates set are reasonable. While the trial court did not explicitly invalidate Rule 13, its ruling that $100 was a reasonable hourly rate produced the same result. Trial courts do not have the authority, express or implied, to invalidate a Supreme Court Rule. *In Re: Petition of Tennessee Bar Ass'n,* 539 S.W.2d 805 (Tenn. 1976). Rather, the Supreme Court, as the promulgator of the rule, is the rule's primary arbiter. *See Allen v. McWilliams,* 715 S.W.2d 28 (Tenn.1986).

On many occasions the Court has received direct petitions to modify its rules. Pursuant to Supreme Court Rule 11, many of the Court's own boards and commissions, the Tennessee Bar Association, the Nashville Bar Association, and others have submitted such petitions. The factual record in this case was developed in an improper *ex parte* proceeding. A record generated under such circumstances is not appropriate to use as a basis for Rule 11 application or review.

In conclusion, we hold that the petitioner has failed to demonstrate that the Director of the Administrative Office of the Courts, in rejecting the compensation claim as submitted, exceeded his jurisdiction or acted illegally, arbitrarily, or fraudulently. Additionally, we hold that the trial court erred in considering the reasonableness of any aspect of Rule 13. Trial courts have no jurisdiction to determine the validity or reasonableness of a rule promulgated by this Court.

DROWOTA, ANDERSON, REID and WHITE, JJ., concur.