**In re COMPENSATION OF Michael E. TERRY, Court–Appointed Counsel in the Death Penalty Case of State of Tennessee v. James Blanton.**

Supreme Court of Tennessee,
at Nashville.

March 24, 1997.

Michael E. Terry, Nashville, for Petitioner.

*OPINION*

BIRCH, Chief Justice.

Michael E. Terry, Esquire, the petitioner, filed a petition for the common law writ of certiorari pursuant to Rule 13(2)(D)(1), Rules of the Tennessee Supreme Court. In this petition, he seeks review of the decision of the Director of the Administrative Office of the Courts approving payment of $9,495 of petitioner's total claim for attorney's fees and expenses of $18,616. We issued the writ.

### I

In 1990, the petitioner was appointed to represent an indigent defendant in a capital case. In 1996, he submitted a claim to the Administrative Director of the Courts requesting payment in the amount of $18,616 for attorney's fees and expenses for having represented the indigent person on appeal. The Director reviewed the claim and authorized payment to the petitioner of $9,495, which has been paid.

Petitioner insists that the Director acted arbitrarily in refusing to authorize payment of the claim as filed. Rule 13(2)(D)(1) provides for an "appeal" from any action taken by the Director regarding a claim for compensation:

> Any person aggrieved by an action of the Administrative Director of the Courts may petition this Court for a review thereof as under the common law writ of certiorari. On the grant of the writ, the Administrative Director of the Courts shall certify and forward to the Court a complete record of the proceedings before the executive secretary's office in the matter. Any such petition must be filed within 60 days after the action complained of.

Tennessee Code Annotated § 27–8–101 restricts the availability of the common law writ of certiorari to those cases "where an inferior tribunal ... has exceeded the jurisdiction conferred or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." We issued the writ and now review this matter because without review the petitioner would have no adequate remedy.

### II

After granting the writ, we remanded this matter to Judge John H. Peay, Associate Judge, Court of Criminal Appeals,[1] for prep-

---

1. The petitioner represented the indigent person in the Court of Criminal Appeals.

aration of findings of fact and conclusions of law. Judge Peay thoroughly reviewed the petitioner's claim for compensation and considered it in relation to claims filed in cases of comparable complexity. Judge Peay also closely reviewed the brief submitted by counsel and the entire record. Included in Judge Peay's findings is the following:

The comparable death penalty cases that were considered were somewhat similar in complexity of issues and of facts, and overall size of the record. Also considered was the Supreme Court's admonishment to lower courts to carefully review fee applications in view of the limited resources available to reimburse attorneys in appointed cases. Another factor taken into consideration was the fact that co-counsel had been appointed with counsel throughout these proceedings.

Upon review of all these factors, I found that approximately forty pages of the brief submitted in the Court of Criminal Appeals contained "boiler plate" language concerning one issue. Some issues were argued in one or two sentences and other issues were quite lengthy, complex, and factually driven.

Review of the application submitted by counsel revealed that the amount requested was more than twice the amount submitted by counsel in comparable death penalty cases. The total time indicated of 225+ hours "reading the transcript and preparing the statement of evidence" and the 200+ hours indicated for "brief preparation" were concluded to be excessive as compared to other applications. It was concluded that a reasonable fee, considering all the above factors, was $8,823.95 plus allowable expenses of $671.80, for a total of $9,494.75.

Our review is *de novo* with a presumption that the court's judgment regarding the claim is correct. Obviously, Judge Peay's recommendation [2] provided the basis for the Director's action in determining the amount to be paid to petitioner. In relying on Judge Peay's recommendation, the Director did not exceed his jurisdiction, or act illegally, arbitrarily, or fraudulently. *Petition of Isaiah S. Gant,* 937 S.W.2d 842, 844–45 (Tenn.1996)(*citing McCallen v. City of Memphis,* 786 S.W.2d 633, 638 (Tenn.1990)).

We conclude that the Director did not exceed his jurisdiction or act illegally, arbitrarily, or fraudulently. Indeed, the record shows a reasonable basis for the Director's action. Accordingly, the petition is dismissed. Costs are taxed against the petitioner.

DROWOTA, ANDERSON, REID and HOLDER, JJ., concur.

---

2. The record does not indicate that Judge Peay and the Director discussed the matter, and Judge Peay's findings of fact and conclusions of law were filed while this action was pending.