IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

December 17, 1998

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| IVA MADDOX | ) | LOUDON COUNTY |
| | ) | 03A01-9802-CH-00074 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | HON. FRANK V. WILLIAMS, III, |
| | ) | CHANCELLOR |
| LOUDON COUNTY BOARD OF | ) | |
| ZONING APPEALS | ) | |
| | ) | |
| Defendant-Appellee | ) | AFFIRMED AND REMANDED |

HUBERT PATTY OF MARYVILLE FOR APPELLANT

HARVEY L. SPROUL OF LENOIR CITY FOR APPELLEE

O P I N I O N

Goddard, P.J.

Iva Maddox initiated this lawsuit in the Chancery Court of Loudon County by filing a complaint against the County of Loudon, later amended by consent to substitute the Loudon County Board of Zoning Appeals as the party Defendant. Ms. Maddox sought to overturn a ruling of the Board of Zoning Appeals that she was not entitled to a variance as to set-back lines with regard to an addition to her home.

Although, as already noted, the suit began by a complaint filed by Ms. Maddox, the parties and the Chancellor treated the complaint as a petition for a writ of certiorari which, after the filing of the petition, the parties and the Chancellor treated the writ as granted. Thereupon, the trial proceeded to a resolution on that basis.

The Chancellor held that the writ was a common law writ of certiorari rather than a statutory one, and that the standard of review would be whether the Board of Zoning Appeals "exceeded its jurisdiction," or "acted illegally, arbitrarily, or fraudulently." Petition of Gant, 937 S.W.2d 842 (Tenn.1996), citing Hoover Motor Express Co. v. Railroad & Public Utilities Commission, 195 Tenn. 593, 261 S.W.2d 233 (Tenn.1953),

Having so found, the Trial Court also found that the Board of Zoning appeals properly denied Ms. Maddox a variance.

Ms. Maddox appeals, raising the following three issues for our consideration:

1.      How extensive is Statutory Judicial Review?

2.      Was the action of the Appellee an administrative agency unreasonable?

3.      Is the Administrative Agency bound by estoppel?

Our review of the record, including the initial hearing before the Board of Zoning Appeals and the second hearing wherein Ms. Maddox asked the Board to reconsider its earlier determination, as well as proof introduced in the Chancery Court, persuades us that the Chancellor was correct in his determination and that this is a proper case for affirmance under Rule 10 of this Court.

2

Having said that, we believe it is appropriate to comment as to issues one and three.

As to issue one, the relevant Code Sections dealing with common law and statutory writs of certiorari are as follows:

Common Law

**27-8-101. Constitutional basis.--** The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Statutory

**27-8-102. Cases in which writ lies.** Certiorari lies:

(1) On suggestion of diminution;
(2) Where no appeal is given;
(3) As a substitute for appeal;
(4) Instead of audita querela; or
(5) Instead of writ of error.

This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Ms. Maddox contends that under 27-9-111(d),[1] the standard of review in both instances is by a preponderance of the evidence. That Code Section, however, was construed in Hoover Motor Express Co. v. Railroad & Public Utilities Commission, 195 Tenn. 593, 261

---

[1]

**27-9-111. Hearing -- Findings.**

**. . . .**

(d) In making such findings of fact, the judge shall weigh the evidence and determine the facts by the preponderance of the proof.

3

S.W.2d 233 (Tenn.1953), to require the Trial Court to use such a standard in determining whether the public entity had exceeded its jurisdiction or acted fraudulently, illegally, or arbitrarily.

Additionally, a more recent case of this Court, <u>Kendrick v. City of Chattanooga Firemen's and Policemen's Insurance and Pension Fund Board</u>, 799 S.W.2d 668 (Tenn.App.1990), Judge Franks, speaking for this Court, said the following (at page 668):

> The action of the Board was subject to review by a common law writ of certiorari since the agency was acting in a judicial or quasi-judicial capacity. <u>Davison v. Carr</u>, 659 S.W.2d 361 (Tenn.1983); T.C.A. § 27-8-101. In contrast, statutory certiorari applies when a particular statutory scheme sets forth the scope and method of review of an administrative action. Statutory writs of certiorari often provide for a trial <u>Defendant</u> <u>novo</u>; the precise nature of review is to be determined for the provisions of the statute. <u>See</u> e.g., <u>Cooper v. Alcohol Comm'n of Memphis</u>, 745 S.W.2d 278 (Tenn.1988); <u>Cooper v. Williamson County Bd. of Educ.</u>, 746 S.W.2d 176 (Tenn.1987).

In further support of our conclusion as to this issue, we note that the initial pleadings clearly show that a common law writ of certiorari was sought in that in the body of the complaint and in the prayer for relief Ms. Maddox charges that the action of the Board of Zoning Appeals was "arbitrary and capricious."

As to issue three, the Chancellor found under the proof adduced and upon weighing the credibility of the witnesses appearing before him, that no representation was ever made that the addition was satisfactory and that Ms. Maddox might proceed. Additionally, we point out that except in rare incidences public agencies are not subject to the doctrine of estoppel. <u>Paduch v. City of Johnson City</u>, 896 S.W.2d 767 (Tenn.1995); <u>Bledsoe County v. McReynolds</u>, 703 S.W.2d 123 (Tenn.1985).

Finally as to this issue, we are of the opinion even if a preponderance of evidence is a proper standard of review the record supports the Chancellor's action.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Ms. Maddox and her surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.