FILED
05/27/2022
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 2, 2022 Session

## TURNBULL PRESERVATION GROUP, L.L.C. ET AL. v. DICKSON COUNTY, TENNESSEE ET AL.

**Appeal from the Chancery Court for Dickson County**
No. 2020-CV-202        Laurence M. McMillan, Jr., Chancellor

### No. M2021-00542-COA-R3-CV

This is an Open Meetings Act case regarding the Dickson County Planning Commission's approval and subsequent denial of a site plan for the construction and operation of a fuel terminal. A non-profit and two Dickson County residents filed a petition for writ of certiorari, arguing that the Planning Commission acted in violation of the Open Meetings Act when it held an unpublicized meeting and initially approved the site plan. The trial court found the case was moot because the Dickson County Planning Commission overturned its approval of the site plan at a subsequent meeting. We agree and affirm the trial court's dismissal of the case as moot.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and W. NEAL MCBRAYER, J., joined.

Rodger Dale Waynick, Jr., Dickson, Tennessee, for the appellants, Turnbull Preservation Group, L.L.C., Charles W. Spann, and Margaret Sullivan.

Timothy Valton Potter and Andrew Eldridge Mills, Dickson, Tennessee, for the appellees, Dickson County, Tennessee, Dickson County Planning and Zoning Office, and Dickson County, Tennessee Regional Planning Commission.

Thomas V. White and George Arthur Dean, Nashville, Tennessee, for the appellee, Titan Partners, L.L.C.

# OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

The Dickson County Planning Commission ("the Planning Commission") held regular meetings on the second Thursday of every month at 7:00 p.m. In April 2020, the regularly scheduled Planning Commission meeting was set for April 9; however, on April 9, David Darnell, the Dickson County Planning & Zoning Director, sent a memorandum to the members of the Planning Commission notifying them that the April Planning Commission meeting was being rescheduled to April 23. The memorandum stated, in relevant part:

*RE: April Meeting*

The Dickson County Planning Commission will meet in session on Thursday, April 23, 2020. . . .

If social distancing rules are still in effect, we will meet outside under the open air big top tent. Please dress accordingly and bring your loud speaking voices.

Enclosed is the agenda and the information on the items that will be before you for your consideration. It is important for all members to attend. The site plan enclosed is a very large project, that has been in the works for a long time. If you should have any questions or comments, please feel free to call the office at the number listed above.

The "site plan" referenced in Mr. Darnell's memorandum was submitted by Titan Partners, L.L.C. ("Titan Partners") and was referred to as "Project DV." Project DV was for the "construction of a +/-34 Acre Petroleum Products / Bulk Fuel Storage and Distribution Terminal on a +/- 146 Acre parcel of land in southeast Dickson County, near access to Interstates I-40 and I-840." The public was not notified of the change in the Planning Commission's meeting date.

On April 23, 2020, the Planning Commission held its rescheduled meeting on three substantive agenda items, including Project DV. Fifteen people attended the Planning Commission meeting, including Margaret "Missy" Sullivan. According to the April 23 Planning Commission meeting minutes, the Planning Commission heard a lengthy discussion about Project DV as well as discussion regarding two other substantive items on the agenda. The Planning Commission approved the proposed site plan for Project DV by a margin of 7 to 3.

On June 19, 2020, Turnbull Preservation Group, L.L.C., a non-profit neighborhood association promoting environmental responsibility, Ms. Sullivan and a fellow Dickson County resident, Charles W. Spann (collectively "Petitioners"), filed a Petition for Writ of Certiorari in the Dickson County Chancery Court requesting the court to "declare Dickson County, Tennessee Regional Planning Commission's actions on April 23, 2020 to be void and of no effect" because the Planning Commission violated the Open Meetings Act.[1] After the petition was filed, Project DV was placed back on the Planning Commission's agenda for the July 23 meeting. At the July 23 meeting, the Planning Commission overturned its prior approval of the plan.[2]

Chancellor Laurence McMillian, sitting by interchange[3] in the Dickson County Chancery Court, held a hearing on the petition for writ of certiorari on March 9, 2021. On April 21, 2021, he ruled:

> This Court finds the Planning Commission failed to provide any public notice for the April 23, 2020 meeting, and therefore all action taken in that meeting was void.
>
> In its July 23, 2020 meeting, the Dickson County Planning Commission overturned its April 23, 2020 approval of the site plan at issue in this case. *See Titan Partners, LLC v. Dickson County*, Dickson County Chancery No. 2020-CV-312. This case is therefore moot. *See Lynch Family Purpose LLC v. Putnam County*, 301 S.W.3d 196, 204 (Tenn. 2009) ("A case will be considered moot if it no longer serves as a means to provide some sort of judicial review to the prevailing party.")

Petitioners appeal from this holding and articulate the following issue on appeal: "Did the trial court abuse its discretion in ruling the Commission's violation of the Open Meetings Act was moot, notwithstanding the Commission's ratifying act failed to meet the requirements of the Cure Doctrine?"

---

[1] Tennessee's Open Meetings Act requires that meetings be open to the public and that "adequate public notice" be given of the regular and special meetings of government bodies, among other things. *See* Tenn. Code Ann. §§ 8-44-102; 8-44-103. Actions taken in violation of the Open Meetings Act are void: "Any action taken at a meeting in violation of this part shall be void and of no effect; provided that this nullification of actions taken at such meetings shall not apply to any commitment, otherwise legal, affecting the public debt of the entity concerned." Tenn. Code Ann. § 8-44-105.

[2] We note that the meeting minutes from the July 23, 2020 Planning Commission do not appear in the record. This oversight is not fatal to the appeal, however, because the parties agree that the Project DV site plan was placed on the Planning Commission's July 23 agenda and was voted down at that same Planning Commission Meeting.

[3] Three Dickson County judges recused themselves from hearing the case.

STANDARD OF REVIEW

Judicial review of an action by an administrative body, such as the Dickson County Planning Commission, is accomplished through the common law writ of certiorari. *See Roten v. City of Spring Hill*, No. M2008-02087-COA-R3-CV, 2009 WL 2632778, at *1 (Tenn. Ct. App. Aug. 26, 2009); *B & B Enters. of Wilson Cty., LLC v. City of Lebanon*, No. M2003-00267-COA-R3-CV, 2004 WL 2916141, at *2 (Tenn. Ct. App. Dec. 16, 2004). When reviewing a certiorari proceeding, appellate courts apply a very limited standard of review. *State ex rel. Moore & Assocs., Inc. v. West*, 246 S.W.3d 569, 574 (Tenn. Ct. App. 2005). Specifically, judicial review of a common-law writ of certiorari consists of determining whether "the decision maker exceeded its jurisdiction, followed an unlawful procedure, acted illegally, arbitrarily, or fraudulently, or acted without material evidence to support its decision." *Id.* (citing *Petition of Gant*, 937 S.W.2d 842, 844-45 (Tenn. 1996)); *see also* Tenn. Code Ann. § 27-8-101. "At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached." *Powell v. Parole Eligibility Rev. Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994).

A trial court must make written findings of fact and conclusions of law in support of its decision to either grant or deny the relief requested in the writ of certiorari. *B & B Enters. of Wilson Cty.*, 2004 WL 2916141, at *2 (citing Tenn. Code Ann. § 27-9-111(c)). The trial court's findings of fact must be based on the preponderance of the evidence; therefore, on appeal, we review the trial court's findings under the Tenn. R. App. 13(d) standard of review which "requires us to defer to the trial court's factual findings as long as the evidence does not preponderate against them." *Id.* As to issues of law, like a determination of whether a case is moot, we review the trial court's holding de novo, with no presumption of correctness. *Alliance for Native Am. Indian Rights in Tenn., Inc. v. Nicely*, 182 S.W.3d 333, 338-39 (Tenn. Ct. App. 2005).

ANALYSIS

As a threshold matter, we must determine whether this case has been rendered moot. *City of Memphis v. Hargett*, 414 S.W.3d 88, 96 (Tenn. 2013) ("This Court must first consider questions pertaining to justiciability before proceeding to the merits of any remaining claims."). Our Supreme Court has held that, "[t]he role of our courts is limited to deciding issues that qualify as justiciable, meaning issues that place some real interest in dispute." *Id.* (citing *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 838 (Tenn. 2008)). "A case is not justiciable if it does not involve a genuine continuing controversy requiring the adjudication of presently existing rights." *All. for Native Am. Indian Rights in Tenn.*, 182 S.W.3d at 338. The concept of mootness means that the case has "lost its justiciability either by court decision, acts of the parties, or some other reason occurring after commencement of the case." *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty.*, 301 S.W.3d 196, 204 (Tenn. 2009). "Where a matter has been resolved, that

claim must be dismissed as moot." *Person v. Bd. of Comm'rs of Shelby Cty.*, No. W2007-01346-COA-R3-CV, 2009 WL 30746116, at *11 (Tenn. Ct. App. Sept. 28, 2009) (citing *Cty. of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996)).

The Planning Commission voted to approve the site plan for Project DV at an unpublicized meeting held on April 23, 2020. On June 19, 2020, Petitioners filed their writ of certiorari arguing that the Planning Commission violated the Open Meetings Act during their April 23 meeting and requested the court to declare the Planning Commission's "actions on April 23, 2020 to be void and of no effect." On July 23, 2020, the Planning Commission took a second vote on Project DV and voted against the project. Because the Planning Commission nullified its April 23 decision by overturning its prior approval of the project on July 23, Petitioners received the relief they were requesting. *See* Tenn. Code Ann. § 8-44-105 (requiring actions taken in violation of the Open Meetings Act to be "void and of no effect.").

We find the scenario presented here to be analogous to the case of *Cathey v. City of Dickson*, No. M2001-02425-COA-R3-CV, 2002 WL 970429 (Tenn. Ct. App. May 10, 2002). In *Cathey*, the plaintiff opposed an annexation ordinance that the City of Dickson passed; she claimed, among other things, that the City of Dickson discussed the ordinance in private meetings in violation of the Open Meetings Act. *Id.* at *1. After the plaintiff filed suit, the City of Dickson repealed the annexation ordinance. *Id.* On appeal, this Court cited Tenn. Code Ann. § 8-44-105 and held that "repeal of the annexation ordinance would have been the statutory remedy had the Open Meetings Act been violated." *Id.* at *5. We further held that the City of Dickson's repeal of the annexation ordinance rendered the plaintiff's Open Meetings Act claims moot. *Id.* Similarly, in *Person v. Board of Commissioners of Shelby County*, No. W2007-01346-COA-R3-CV, 2009 WL 3074616, at *1 (Tenn. Ct. App. Sept. 28, 2009) a juvenile court judge filed suit alleging the Shelby County Board of Commissioners passed a resolution in violation of the Open Meetings Act. After the suit was filed, the Shelby County Board of Commissioners unanimously rescinded the resolution at issue. *Id.* at *2. The trial court found that rescission of the resolution rendered the Open Meeting Act claims moot. *Id.* at *13. This Court agreed that the Open Meetings Act claims were moot, noting that, "where, as here, the governmental body acts quickly and decisively to correct any mistake in its procedure, the primary goal of the Open Meetings Act has been accomplished." *Id.* at *14.

Petitioners point out that litigation between Titan Partners and Dickson County ensued following the July 23 meeting, and that as a result of that separate litigation, there were settlement negotiations between Titan Partners and Dickson County which ultimately led to an extensive settlement agreement that included an approval of Project DV, among other things. We explore the Planning Commission's adoption of the settlement agreement in detail in a companion case, *Gray v. Dickson County, Tennessee*, No. M2021-00545-COA-R3-CV (released simultaneously with this opinion). Petitioners argue that the settlement of Titan Partners' litigation was an attempt to "cure" the April 23 violation of

the Open Meetings Act that did not comport with the Cure Doctrine discussed in *Neese v. Paris Special Sch. Dist.*, 813 S.W.2d 432, 436 (Tenn. Ct. App. 1990). However, the Planning Commission's vote denying Project DV at the July 23 meeting effectively cured the prior violation and resolved the claim. *See Person*, 2009 WL 30746116, at *11 ("Where a matter has been resolved, that claim must be dismissed as moot."). Regardless of Titan Partners' litigation and resultant settlement negotiations, Petitioners' Open Meetings Act claim, relating to the lack of public notice for the April 23, 2020 meeting, became moot on July 23, 2020 when the Planning Commission voted against the Project DV site plan. Therefore, in accordance with our holdings in *Cathey* and *Person*, we find that the Planning Commission's actions on July 23 rendered Petitioner's Open Meetings Act claim related to the April 23 Planning Commission meeting moot, and we affirm the trial court's dismissal of the case.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellants, Turnbull Preservation Group, L.L.C., Charles W. Spann, and Margaret Sullivan, for which execution may issue if necessary.

_/s/ *Andy D. Bennett*_____
ANDY D. BENNETT, JUDGE